UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHOTO-TECH, INC., et al.,

    Plaintiffs,

vs.    Case No. 8:10-CV-856-T-27EAJ

PFIZER, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' Motion to Remand to State Court and Motion for Extension of Time (Dkt. 4), to which Defendant has responded (Dkt. 7). Upon consideration, the motion is **GRANTED**.

Plaintiffs filed suit in state court on December 31, 2009 and served Defendant on January 6, 2010. *See* Dkt. 1-1 at 2-4. On April 13, 2010, Defendant removed this action pursuant to 28 U.S.C. §§ 1441 and 1446(b) and alleged diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff moves to remand the action on the grounds that the case as stated by Plaintiffs' initial pleading was removable and Defendant failed to remove within thirty days after receiving it. *See* 28 U.S.C. § 1446(b). In response, Defendant contends that the removal was timely because the removability of this action could not be ascertained until Defendant received answers to its interrogatories on March 17, 2010.

### *Discussion*

Section 1441 of Title 28 generally authorizes removal of an action within the original

jurisdiction of the district court. Diversity jurisdiction exists if the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Section 1446(b) of Title 28 governs the timeliness of removal in civil cases. The first paragraph provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). The second paragraph provides that, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b).

A case is removable under the first paragraph of Section 1446(b) when the initial pleading "enables the defendant to 'intelligently ascertain' removability from the face of such pleading, so that in its petition for removal [,the] defendant can make a short and plain statement of the grounds for removal as required [by] 28 U.S.C. § 1446(a)." *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 205-206 (2d Cir. 2001) (quoting *Richstone v. Chubb Colonial Life Ins.*, 988 F. Supp. 401, 403 (S.D.N.Y. 1997)); *see also Holloway v. Morrow*, No. 07-0839-WS-M, 2008 WL 401305, at *3 (S.D. Ala. Feb. 11, 2008) ("[T]he 30-day removal period prescribed by § 1446(b) commences running as soon as a defendant is able to ascertain intelligently that the action is removable.") (citing cases). "A pleading enables a defendant to intelligently ascertain removability when it provides 'the necessary facts to support [the] removal petition.'" *Whitaker*, 261 F.3d at 206 (quoting *Rowe v. Marder*, 750 F. Supp. 718, 721 (W.D. Pa. 1990)).

2

"While this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability." *Id.* (citing *Rowe*, 750 F. Supp. at 720).[1] Section 1446(b) generally imposes no duty on the defendant to investigate the necessary jurisdictional facts within thirty days of receiving a complaint that is indeterminate as to the existence of diversity jurisdiciton. *See Harris*, 425 F.3d at 693; *Chapman*, 969 F.2d at 162-63.[2] Moreover, apart from its own citizenship, which it is presumed to know, *see Praisler v. Ryder Integrated Logistics, Inc.*, 417 F. Supp. 2d 917, 920 (N.D. Ohio 2006), a defendant's subjective knowledge of facts supporting federal jurisdiction will not trigger the thirty-day period under the first paragraph of Section 1446, *see Chapman*, 969 F.2d at 162; *Lovern*, 121 F.3d at 162; *Harris*, 425 F.3d at 694; *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993), *abrogated on other grounds as recognized in Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005); *Ragbir v. Imagine Sch. of Del., Inc.*, No. 6:09-cv-321-Orl-19DAB, 2009 WL 2423105, at *5 (M.D. Fla. Aug. 4, 2009).[3]

---

[1] *See also Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) ("[F]or the purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."); *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 690 (9th Cir. 2005) (the 30-day period for removal "'starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction.") (quoting *Chapman*, 969 F.2d at 162); *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("[O]nly where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days."); *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) ("[T]he thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount.") (citing *Chapman*, 969 F.2d at 163).

[2] As construed by the Eleventh Circuit, decisions of district courts in this circuit are split on the issue. *See Pretka*, 608 F.3d at 767 n.23 (citing *Kuhn v. Brunswick Corp.*, 871 F. Supp. 1444, 1446 (N.D. Ga. 1994); *Richman v. Zimmer, Inc.*, 644 F. Supp. 540, 542 (S.D. Fla.1986); *Essenson v. Coale*, 848 F. Supp. 987, 989 (M.D. Fla. 1994)).

[3] The Court will therefore disregard as irrelevant both Plaintiffs' contention that Defendant had actual knowledge of Plaintiff Turoskienski's residency based on the parties' longstanding business relationship (Dkt. 4 at 5), as well as Defendant's counsel's unsworn denial (Dkt. 7 at 3) that Defendant possessed actual knowledge of

Defendant's Counsel states that (i) at unspecified times during the week of February 1, 2010, he placed "multiple" unreturned telephone phone calls to Plaintiffs' counsel to discuss what he regarded as jurisdictional deficiencies in the Complaint, Dkt. 7 at 2, and (ii) on February 12, 2010 (*i.e.*, after more than thirty days had passed since Defendant was served with the Complaint), counsel discussed the matter and Plaintiffs' counsel "agreed to promptly provide responses to Requests for Admissions" addressing those alleged deficiencies, *id.* at 2.[4] On February 17, 2010, Defendant served the requests for admissions ("RFAs"). *See* Dkt. 7-1 at 1-2; Dkt. 1-1 at 26-27. On March 17, 2010, Plaintiffs served their response, admitting that Plaintiff Peter Turoskienski is Florida resident and the sole member of Plaintiff Motiva USA, LLC. *Id.* at 30).[5]

*The Amount in Controversy*

The Complaint alleges that (a) Plaintiff Photo-Tech, Inc.'s annual sales to Defendant had reached about $4.5 million by 2003, by which time Defendant had become Photo-Tech's primary customer, Dkt. 2 ¶ 7; (b) Defendant's representations induced Photo-Tech to expand its operations by constructing a 24,000 square foot facility (the "Facility") at the cost of $3 million, hiring additional employees, and leasing or purchasing additional equipment, *id.* ¶¶ 8-9; (c) notwithstanding

---

Turoskienski's citizenship.

[4] Defendant's counsel also asserts that, during this conversation, in which Defendant's counsel stated his belief that facts supporting jurisdiction were not readily deducible from the complaint, "Plaintiff's counsel never objected to the timeliness of seeking removal – rather, Plaintiffs' counsel even suggested he would not oppose a notice of removal." (Dkt. 7 at 5). However, Defendant neither explains the suggestion nor provides supporting evidence in the form of a declaration or affidavit. Nor does Defendant argue that Plaintiff effectively waived its right to move to remand by making the unexplained suggestion. *See also* Local Rule 4.15(a) ("No stipulation or agreement between any parties or their attorneys, the existence of which is not conceded, in relation to any aspect of any pending case, will be considered by the Court unless the same is made before the Court and noted in the record or is reduced to writing and subscribed by the party or attorney against whom it is asserted.").

[5] Plaintiffs answered Defendant's request to admit that Plaintiff Turoskienski is a Florida citizen in the following way: "Denied as stated. Peter Turoskienski is a resident of the State of Florida." However, neither party argues that Plaintiff Turoskienski is not in fact a Florida citizen for diversity purposes.

4

Defendant's representations, Photo-Tech's gross sales to Defendant declined by almost 50% per year from 2004 forward, *id.* ¶ 10; (d) in reliance on additional representations from Defendant in 2006, Photo-Tech and Turoskienski took various steps to keep Photo-Tech running and prevent employee layoffs (*e.g.*, Turoskienski personally guaranteed a $2 million loan and liquidated his personal retirement account to help cover operating costs), *id.* ¶¶ 11-12; (e) notwithstanding Defendant's representations, Photo-Tech's (and afterwards Motiva's) gross sales continued to decline at a rate of around 50% per year, with the result that Photo-Tech became unable to pay its mortgage on the Facility, the bank foreclosed, Tuosienski had to pay a deficiency of more than $100,000, both Photo-Tech and Motiva ultimately ceased operations, and Turoskienski was left with substantial personal obligations (as evidenced, for example, by a recent lawsuit alleging Turoskienski's default on a debt of more than $50,000 for business expenses personally guaranteed by Turoskienski), *id.*¶¶ 13. Asserting claims for promissory estoppel, negligent misrepresentation, and fraudulent misrepresentation, the Complaint alleges that Defendant caused these damages. *Id.* ¶¶ 19, 27.

No serious argument can be made that these allegations do not affirmatively reveal an amount in controversy exceeding $75,000 as to any Plaintiff.[6] To demonstrate the contrary, Defendant relies on *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), which it construes as holding that, where the complaint seeks unliquidated damages, a case does not become removable until the defendant receives from the plaintiff an unambiguous statement that clearly reveals an amount in controversy exceeding the jurisdictional minimum. Dkt. 7 at 3-4. *Lowery* is not directly applicable

---

[6] *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005) (holding that, in a diversity case in which the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs do not, 28 U.S.C. § 1367(a) confers supplemental jurisdiction over all claims, including those that do not independently satisfy the amount-in-controversy requirement, if the claims are part of the same Article III case or controversy.).

5

because it involved the second paragraph of Section 1446(b), which requires a greater level of certainty to justify removal than the first. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 760 (11th Cir. 2010) (quoting *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002)).[7] However, even if *Lowery* applied and stood for the proposition for which Defendant cites it,[8] the detailed allegations summarized above would satisfy its requirements. They unambiguously show that the amount in controversy exceeds $75,000.

*Complete Diversity*

The Complaint also alleged facts that enabled Defendant to intelligently ascertain that the parties are completely diverse. First, the Complaint clearly indicates that Photo-Tech is a Florida citizen for diversity purposes because it alleges that Photo-Tech is a Florida corporation with its principal place of business in Manatee County, Florida. *See* Dkt. 2 ¶ 3; 28 U.S.C. § 1332(c) (providing generally that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . .").

Second, the Complaint alleges that Plaintiff Motiva USA, LLC is a Florida limited liability company. Dkt. 2 ¶ 3. By itself, this allegation does not indicate Motiva's citizenship because the citizenship of a limited liability company is not determined by its principal place of business or by the state under the laws of which it is organized. Rather, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast*

---

[7] *Pretka* also clarified that dicta in *Lowery* extending its "receipt from the plaintiff" rule to cases involving removal under the first paragraph of 28 U.S.C. § 1446(b) is not the law of this circuit. *See* 608 F.3d at 762-64.

[8] *See Lowery*, 483 F.2d at 1211 ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, *or readily deducible from them*, then the court has jurisdiction." (emphasis added); *see also Pretka*, 608 F.3d at 754 (noting that it may be "facially apparent" from a pleading that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages.") (citing *Williams*, 269 F.3d at 1319).

*SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). However, the Complaint further alleges that (a) Photo-Tech has been based in the Sarasota area since its inception in 1982, Dkt. 2 ¶ 4, (b) in 2008, Photo-Tech substantially ceased its operations and Plaintiff Motiva was formed and began providing the same kinds of services Photo-Tech had formerly provided and doing business with Defendant in the same manner that Photo-Tech had, *id.* ¶¶ 3, 5; and (c) Turoskienski is the founder, president, and sole shareholder of both entities, *id.* ¶ 3. These allegations very strongly suggest that, at least until both entities ceased operations, Turoskienski owned and operated in Florida substantially the same business that he started in Florida in the 1980s.

The Court concludes that these allegations, together with the fact that Turoskienski filed suit in the Twelfth Judicial Circuit for Sarasota County, *see Kuhn v. Brunswick Corp.*, 871 F. Supp. 1444, 1446 (N.D. Ga. 1994) (defendant could have ascertained plaintiffs' Georgia citizenship from the face of the initial pleading in part because plaintiffs filed suit in Georgia), enabled Defendant to intelligently ascertain that, when Plaintiffs filed this lawsuit, Turoskienski was a Florida resident and hence presumptively a Florida citizen. *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171-72 (11th Cir. 2007) (recognizing a presumption that a person's state of residence is also his state of domicile); *see also Whitaker*, 261 F.3d at 206 ("In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and *the address* of each party.") (emphasis added); *Wingfield v. Franklin Life Ins. Co.*, 41 F. Supp. 2d 594, 598 n.4 (E.D. Va. 1999).[9]

---

[9] *But see Texas Capital Corp. v. Fleet Capital Corp.*, No. Civ.A. 03-CV-1605, 2003 WL 22937784, at *2 (E.D. Pa. Dec. 4, 2003) (listing an address is not sufficient to put the defendant on notice of the parties' citizenship in part because "a party's address does not provide conclusive evidence of its citizenship."); *Sprague v. American Bar Ass'n*, 166 F. Supp. 2d 206, 209 (E.D. Pa. 2001) (summons stating the addresses of the parties did not put defendants on notice that diversity jurisdiction existed in part because residence is not equivalent to domicile); *cf.*

That fact in turn enabled Defendant to intelligently ascertain the citizenship of Motiva because the allegation that Turoskienski was the founder and "sole shareholder" of Motiva sufficiently indicated that he was the sole owner and member of that entity, and therefore that his citizenship would determine the citizenship of Motiva for diversity purposes. *See Rolling Greens,* 374 F.3d at 1022.

In sum, as the case stated by Plaintiffs' initial Complaint was removable, Defendant had thirty days from receipt of the Complaint to remove this action under the first paragraph of Section 1446(b). As Defendant was served with the Complaint on January 6, 2010 and did not remove until March 17, 2010, the removal was untimely.

### *Conclusion*

For the foregoing reasons, Plaintiffs' Motion to Remand to State Court and Motion for Extension of Time (Dkt. 4) is **GRANTED** and this case is **REMANDED**. The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Sarasota County, (2) terminate any pending motions, and (3) close the case.

**DONE AND ORDERED** in chambers this 24th day of August, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

*Lovern*, 121 F.3d at 163 (court did not need to decide whether a police report revealing the plaintiff's state of residence "alone would have triggered the running of the 30-day clock").